(No. 20847—

THE LITCHFIELD AND MADISON RAILWAY COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(AUGUST VARWIG, Plaintiff in Error.)

*Opinion filed October 23, 1931.*

KARCH, HENDRICKS & MORAN, (JAMES K. MORAN, of counsel,) for plaintiff in error.

MACDONALD & MORGAN, for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, while employed by defendant in error, received an injury to his right hand, necessitating the amputation of the thumb. He made application for compensation. On hearing the arbitrator found that the injury suffered did not arise out of and in the course of the employment of plaintiff in error. The arbitrator also found the amount of annual earnings of plaintiff in error and that both parties were working under the Compensation act. On review the Industrial Commission heard further evidence, set aside the finding of the arbitrator and entered an award at the rate of $9.03 per week for a period of 70 weeks for complete loss of the use of plaintiff in error's right thumb. It also found that no surgical and hospital services had been provided and no evidence had been submitted as to the period of total incapacity for work. On review by *certiorari* the circuit court of Macoupin county set aside the award. The cause is here on writ of error.

The evidence is that on December 5, 1928, the date of the injury, plaintiff in error, then sixteen years of age, was employed by defendant in error as an oiler and repairer of railroad cars and had been so employed for about three months. He, with one Louis Golch, was assigned to work at No. 2 mine of the Mt. Olive and Staunton Coal Company under one Oscar Schmidt, foreman for defendant in error. It appears that the cars, when loaded by the coal company, were pulled down about fifty feet to the oil and repair tracks of defendant in error and there received such oiling and repairing as was necessary to fit them for travel. On the date of the injury plaintiff in error had oiled cars until shortly after noon. Walter Homeier, an employee of the coal company, operating a device with an endless rope or chain known as a "car-puller," asked him to hook the chain to a loaded car to be pulled down for greasing and repairing. This he did, and when the car reached the

oiling track he attempted to unhook the chain. In some manner not disclosed by the evidence the thumb of his right hand became engaged in the moving cable and was injured. The duties of plaintiff in error were to inspect the cars after they were delivered by the coal company to the railroad yards, oil them, make light repairs, and couple the air hose connections when the car was put into a train. He testified that he had seen other men in the employ of defendant in error, including his helper, Golch, hook and unhook the chains that were used to pull the cars from the tipple of the mine onto the greasing track and that he had frequently done this himself before the accident. He also testified that when injured he was endeavoring to unhook the chain from the car because he wanted to help, and that sometimes the chain came off without the necessity of being unhooked and sometimes it had to be unhooked. He testified that he told Homeier, the employee of the mining company who had charge of moving the cars, that he feared injury if he unhooked it, and that Homeier said if he did not help him, he, Homeier, would not let the oilers use his shanty for eating their dinners.

On review before the commission Oscar Schmidt testified that at the time of the accident he was inspector and foreman over the oilers in the employ of defendant in error; that the duties of oilers were to oil cars and make minor repairs; that he had frequently seen plaintiff in error and his helper, Golch, unhook the chain from the cars moved down from the mine, and had instructed them to work hand in hand with the mine people in order to get the cars moved down to the place so they could oil them. He testified that his superior, Thomas Colgate, instructed him to do what he could to avoid friction between the railway employees and the mine people. He also testified that he told plaintiff in error to help along with the work of getting down the cars where they were to be oiled.

Louis Golch testified that at the time of the accident he and plaintiff in error were working together; that at the time plaintiff in error hooked the chain onto the car and attempted to take it off, Schmidt, the foreman, was present and could see him doing it; that Schmidt never at any time directed him not to do the work but said to help out the mine people, and that Schmidt saw the witness and plaintiff in error doing that kind of work and that he had seen Schmidt do the same thing. Homeier, the employee of the mining company, testified to like effect.

Thomas Colgate, the master mechanic for defendant in error, testified that there had been some friction between the railway employees and the mine employees and that he told Schmidt he would have to get along with the mine people, and that he did not give any direct or indirect orders as to assisting those engaged in mine work.

The sole question involved here is whether the injury arose out of and in the course of the employment. Compensation is limited to accidents which arise out of and in the course of the injured employee's employment. There is no liability for injuries to a workman unless he was at the time of the injury engaged in the performance of some duty for which he was employed, and if he voluntarily and without his employer's direction or acquiescence undertakes work for which he was not employed and is injured while so engaged he is not entitled to compensation for such injury. (*Pittsburgh Coal Co.* v. *Industrial Com.* 323 Ill. 54.) The burden rests upon the applicant to establish his claim to compensation by competent evidence. (*Ohio Building Safety Vault Co.* v. *Industrial Board,* 277 Ill. 96; *Dragovich* v. *Iroquois Iron Co.* 269 id. 478.) If there is in the record legal evidence to support the decision of the Industrial Commission, its decision will not be disturbed unless against the manifest weight of the evidence. (*Rissman & Son* v. *Industrial Com.* 323 Ill. 459; *Inland Rubber Co.* v. *Industrial Com.* 309 id. 43.) Schmidt, who was the

foreman for defendant in error, with authority to direct the work of plaintiff in error, told plaintiff in error and his helper to help to get the cars down to the greasing track and to help the mine people along so they could get the cars down to be oiled. It is also clear from the evidence that Schmidt, in the presence of plaintiff in error, did the same work in moving the cars from the tipple to the oiling track of defendant in error and was present at various times when plaintiff in error and his helper did such work and acquiesced therein. Though there is not evidence of a direct order on his part concerning the moving of this car, there is evidence of his acquiescence and his instructions to help the mine people move the cars down. In addition, it may be observed, the work of unhooking the chain by which the car had been moved was so closely related to the work required of plaintiff in error as to be practically incident to it. Such operation was of direct benefit to defendant in error in getting the loaded cars placed for greasing without delay. There is ample evidence in the record to justify the finding of the Industrial Commission that plaintiff in error was not a volunteer and was not working outside the scope of his employment at the time of his injury but was performing an act for his employer's benefit with the knowledge and acquiescence of his superior and that he had been in the habit of doing this work with such knowledge and acquiescence. Under such condition of the record the commission was justified in finding that the injury arose out of and in the course of plaintiff in error's employment. *Dietzen Co.* v. *Industrial Board,* 279 Ill. 11.

The circuit court erred in setting aside the award entered by the Industrial Commission. The judgment of that court is therefore reversed and the cause remanded, with directions to enter an order confirming the award of the Industrial Commission.

*Reversed and remanded, with directions.*